CHINA & JAPAN TRADING CO. v. UNITED STATES.

(Circuit Court, S. D. New York.   January 30, 1895.)

No. 577.

1. CUSTOMS DUTIES--ACT OF OCTOBER 1, 1890—BAMBOO BLINDS AND SCROLLS.
    Certain bamboo blinds and scrolls, assessed by the collector as "manu factures of wood," under paragraph 461, held to be dutiable as "manufactures of grass," under paragraph 460.
2. SAME—PAPER UMBRELLAS.
    Giant paper umbrellas, used only for decorative purposes, held not dutiable as "umbrellas, parasols and sunshades," under paragraph 471, but as "manufactures of paper," under paragraph 425.

This was an application by the China & Japan Trading Company, the importer of certain bamboo blinds and scrolls and giant paper umbrellas, for a review of the decision of the board of gen-

eral appraisers sustaining the decision of the collector of the port of New York as to the rate of duty on such merchandise.

W. B. Coughtry, for importer.

Wallace Macfarlane, U. S. Atty., and Henry C. Platt, Asst. U. S. Atty.

COXE, District Judge (orally). I am inclined to reverse the decision of the board of general appraisers in this cause. As to the first articles imported the question is whether or not the bamboo of which they are composed is wood. It seems to me that the weight of evidence is clearly to the effect that it is not wood. The extracts read from the various dictionaries and encyclopedias by the counsel for the importers, indicate that bamboo is a species of grass, and I think the testimony is to the same effect. In the testimony offered by the collector the nearest approach to contradicting the proposition that bamboo is a species of grass, is the opinion of one witness that in the process of time the character of the grass is changed to wood, but that to my mind is not a very satisfactory or conclusive view of the matter. It also appears that articles of bamboo are sometimes kept in stock with wooden articles, and sold by dealers in wooden ware, but that does not make it wood. If it were sold by a tinsmith with tin articles it would hardly be contended that this fact would make it tin.

As to the other branch of the case, it is undisputed that these large umbrellas are not used in the way in which ordinary umbrellas are used. They are not suitable for that purpose and are never so used. Their sole use is for the decoration of houses, halls and large buildings. This being so, it would be illogical to classify them with the ordinary cloth umbrellas which are used to protect individuals from the sun and rain. As the board of appraisers with this same evidence before it has in another case reached the conclusion that these importations should be classified as the importer now contends, I shall follow their second and more mature conclusion. The decision of the board is reversed.